[This decision has been published in *Ohio Official Reports* at 95 Ohio St.3d 111.]

TOLEDO BAR ASSOCIATION *v*. MEYER.

[Cite as *Toledo Bar Assn. v. Meyer*, 2002-Ohio-1941.]

*Attorneys at law—Misconduct—Indefinite suspension—Neglect of an entrusted legal matter—Failing to seek client's lawful objectives—Failing to carry out contract of professional employment—Failing to account for or return client's funds—Failing to cooperate in disciplinary investigation.*

(No. 01-2171—Submitted February 6, 2002—Decided April 24, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 01-32.

————————————

*Per Curiam*.

{¶ 1} On April 9, 2001, relator, Toledo Bar Association, filed a complaint charging respondent, Richard Allen Meyer, Jr., of Toledo, Ohio, Attorney Registration No. 0008952, with three counts of professional misconduct. Respondent failed to answer, and the Board of Commissioners on Grievances and Discipline referred relator's motion for default to a master commissioner for ruling.

{¶ 2} Count One of the complaint charged that Antonio and Barbara Duran retained respondent in May 1999 to file bankruptcy on their behalf. The couple paid respondent $800, but to their knowledge he never filed the bankruptcy petition. Respondent also failed to keep contact with these clients, and he never returned their file or their retainer. The master commissioner found that this conduct violated DR 6-101(A)(3) (neglecting an entrusted legal matter), 7-101(A)(1) (failing to seek client's lawful objectives), 7-101(A)(2) (failing to carry out a contact of professional employment), and 9-102 (failing to account for or return client's funds). Because respondent failed to cooperate in relator's investigation of

the misconduct, the master commissioner also found that respondent violated Gov.Bar R. V(4)(G).

{¶ 3} With respect to Count Two, the master commissioner found that respondent had violated the same rules in the course of representing Robert T. Pirucki, Sr. Pirucki retained respondent in July 1998 to file a bankruptcy on his behalf. Pirucki paid respondent $800, but again respondent failed to file the bankruptcy petition and to maintain contact with his client. Respondent further failed to return any portion of Pirucki's funds. Because respondent failed to cooperate in the investigation of this misconduct, the master commissioner found that respondent had again violated Gov.Bar R. V(4)(G).

{¶ 4} According to Count Three, Pirucki also engaged respondent to represent him in a divorce action in 1998. Respondent did not maintain client contact in this case and further failed to notify Pirucki of or represent him at two scheduled court appearances. Pirucki ultimately had to retain other counsel. The master commissioner found that this conduct violated DR 6-101(A)(3), and 7-101(A)(1) and (2) and also that respondent's failure to cooperate in the investigation of this misconduct violated Gov.Bar R. V(4)(G).

{¶ 5} For all these infractions and the lack of any mitigating factors, the master commissioner recommended, as had relator, that respondent be suspended indefinitely from the practice of law in Ohio. Upon adopting the master commissioner's findings of fact and conclusions of law, the board accepted this recommendation.

{¶ 6} On review of the record, we concur in the board's findings of misconduct and agree that an indefinite suspension is the appropriate sanction. Accordingly, respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————

*Paul D. Giha* and *Patricia Horner*, for relator.

———————————